

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BARRY ROBERT TURNER,                    §
                                        §
          Movant,                       §
                                        §
VS.                                     §        NO. 4:16-CV-680-A
                                        §        (NO. 4:13-CR-085-A)
UNITED STATES OF AMERICA,               §
                                        §
          Respondent.                   §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for decision the motion of Barry Robert
Turner("movant") under 28 U.S.C. § 2255 to vacate, set aside, or
correct sentence, filed on July 18, 2016. After having considered
such motion, the government's response, and pertinent parts of
the record in Case No. 4:13-CR-085-A, styled "United States of
America v. Turner," the court has concluded that such motion
should be denied.

I.

<u>Background</u>

On July 5, 2013, movant pleaded guilty to the offense of
Distribution of a Visual Depiction of a Minor Engaged in Sexually
Explicit Conduct in violation of 18 U.S.C. §§ 2252(a)(2) and
(b)(1). CR Doc. 20.[1] Movant's Guideline imprisonment range was
480 months.  On November 15, 2013, he was sentenced to a term of
imprisonment of 480 months and five years of supervised release.
CR. Doc. 28. On April 21, 2015, his appeal to the United States
Court of Appeals for the Fifth Circuit was dismissed. Cr. Docs.
36, 37. Movant did not file a petition for writ of certiorari and

_____

[1]The "CR Doc.__" references are to the numbers assigned to the referenced documents on the
docket of the underlying criminal case, No. 4:13-CR-085-A.

his time to do so elapsed on July 20, 2015.

The government does not dispute that movant has timely filed his motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

## II.

### Grounds of the Motion

The grounds of movant's motion and the alleged supporting facts are as follows:

Ground One:

Counsel was ineffective for failing to subject prosecution to meaningful adversarial challenge.

Supporting Facts . . . :

Counsel filed no pretrial motions nor discussed any trial stratagies (sic) with Barry Turner. Counsel only discussed capitulation.

Ground Two:

Counsel failed to adequately argue a motion to supress evidence that was obtained in violation of Barry Turner's 4th Amendment right.

Supporting Facts . . . :

Barry Turner's cell phone was searched without a warrant and he was questioned prior to being issued a Miranda warning. Barry Turner was forced to turn over the password to his cell phone without the advise of counsel.

Ground Three:

Counsel was ineffective for failing to give Barry Turner adequate time to review the PSR and Plea Agreement.

Supporting Facts . . . :
Counsel did not give Barry Turner his presentence report at least 10 days prior to date for sentencing.

Ground Four:

> Counsel was ineffective for failing to proved (sic) the
> record to Barry Turner for his review and not allowing
> him to participate in pre trial/ appealate (sic) planing.
>
> Supporting Facts . . . :.
>
> Counsel did not discuss the case with Barry Turner ln any
> meaningful way and only recommended consession (sic) to
> the prosecution. Counsel failed to forward the record to
> Barry Turner for his use after filing an Ander's Brief on
> appeal.

Doc. 1 at 7-8.[2]

### III.

### Analysis

A.   Pertinent Legal Principles

   1.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal,
courts are entitled to presume that a defendant stands fairly and
finally convicted. United States v. Frady, 456 U.S. 152, 164-65
(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.
1991).

Section 2255 does not offer recourse to all who suffer trial
errors. It is reserved for transgressions of constitutional
rights and other narrow injuries that could not have been raised
on direct appeal and would, if condoned, result in a complete
miscarriage of justice. United States v. Capua, 656 F.2d 1033,
1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of
habeas corpus will not be allowed to do service for an appeal.
Davis v. United States, 417 U.S. 333, 345 (1974). Further, if

---

[2]The "Doc.__" references are to the numbers assigned to the referenced documents on the docket
of this case, No. 4:16-CV-680-A.

issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

2.   Legal Standards for Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466

U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

When analyzing a claim that counsel was ineffective for failing to suppress evidence, the court begins from the premise that "[f]ailure to file a suppression motion does not constitute per se ineffective assistance of counsel." Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). The movant must show that the decision not to file the motion was unreasonable and "also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Id. at 375.

"When the petitioner challenges the performance of his appellate counsel, he must show that with effective counsel, there was a reasonable probability that he would have won on appeal." Moreno v. Dretke, 450 F.3d 158, 168 (5th Cir. 2006). This burden is particularly heavy when, as here, a defendant has pleaded guilty to the offense and does not challenge the validity of that plea. See Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (recognizing that "once a guilty plea has been entered . . . [claims] for ineffective assistance of counsel] are waived . . . except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea).

B.    The Grounds of the Motion are Without Merit

   1.    Ground One

   First, the record refutes movant's assertion, amplified in
Ground Four, that "counsel did not discuss the case [with movant]
in any meaningful way." Movant pleaded guilty, and in his plea
colloquy, he indicated that he was doing so after discussing the
case, sentencing under the guidelines, and the consequences of
pleading guilty with his attorney. Cr. Doc. 33 at 7. Later,
movant was asked whether he was "satisfied with the legal
representation" he had received to that point, and movant
answered affirmatively. Id. at 17. When movant was sentenced,
counsel stated that he and movant had timely received and
discussed the presentence report, and movant did not contradict
counsel's statement. Cr. Doc. 34 at 3. Further, while the absence
of pretrial motions may be indicative of inadequate preparation
in some instances, it is incumbent upon the movant to "ple[a]d
and prove[]" how "specific acts or omissions" were unreasonable
and resulted in actual prejudice to the movant. Knighton v.
Maggio, 740 F.2d 1344, 1349 (5th Cir. 1984). Here, movant's
"general statements and conclusionary charges will not suffice."
Id.

   2.    Ground Two

   In his Second Ground, movant does identify evidence that
would be subject to suppression if it were illegally obtained,
but movant fails to provide any facts to establish that counsel
unreasonably forwent filing a motion to suppress or to support
the validity of his claim that his rights were violated. Movant's

6

presentence report discloses that movant received his <u>Miranda</u> warnings and waived his rights under <u>Miranda</u>. Cr. Doc. 23 at ¶ 19. Movant provides no evidence that he did not receive the warnings, and he had never suggested that he did not until this petition. Similarly, movant's presentence report discloses that movant consented to the search of his cell phone. <u>Id.</u> at ¶ 48. and movant, in an effort to contradict the report for the first time on collateral review, offers nothing but his own unsupported assertions. The court concludes that movant has failed to show that counsel's decision to forgo an apparently futile attempt at suppression was not reasonable and that movant has not shown a liklihood that suppression would have occurred had counsel pursued such a motion.

3.    <u>Ground Three</u>

Movant's third ground, that "counsel was ineffective for failing to give [movant] adequate time to review the PSR and Plea Agreement," also fails. Doc 1 at 7.[3]  The claim is supported only by the statement that "Counsel did not give [movant] his presentence report at least 10 days prior to date for sentencing." <u>Id.</u>  There is no suggestion in the motion of any prejudice to movant of having not received the presentence report earlier than he did. Thus, Ground Three is without merit.

4.    <u>Ground Four</u>

Like his claims regarding pretrial performance, movant's claims regarding counsel's appellate performance fail both

---

[3]Defendant pleaded guilty without a plea agreement and thus could not have been deprived of the opportunity to review his plea agreement.

Strickland prongs. Movant claims only that counsel did not discuss the case with movant and that counsel failed to forward the record to movant. Neither ground establishes unreasonableness. Moreover, movant does not explain how he was prejudiced by either alleged shortcoming.

In his criminal appeal, counsel for movant filed a brief in accordance with Anders v. California that was accepted by the Fifth Circuit, thus relieving counsel of his obligations to movant. Counsel, at that time, also certified that the record would be served upon movant. Thus, assuming the record was delivered to movant, the court cannot discern any further action for movant's counsel to have taken. Even if it was not received, movant's claim would still fail, because movant provides no possible basis for a meritorious appeal. Thus, counsel's appellate performance cannot support movant's claim for relief.

IV.

Movant's Motions for Extension of Time and Additional Discovery

Having concluded that the grounds of the motion are without merit and wholly lacking in indicia of merit, the court concludes that further time and discovery are unwarranted. The court further notes that movant does not identify any items that he seeks to review, any arguments that he wishes to bolster with new

evidence. He has failed to persuade the court that either motion should be granted.

V.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

The court further ORDERS that all relief sought by movant in his "Motion for Enlargement of Time" and "Motion for Order of Discovery," both filed September 9, 2016, be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 21, 2016.

_____

JOHN McBRYDE
United States District Judge